UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

In re World Airways Litigation

MEMORANDUM & ORDER

- - - - - - - - - - - - - - - - - - - X

This document relates to:
ALL CASES

CV 2004-0304
(RJD)(MDG)

- - - - - - - - - - - - - - - - - - - X

In this consolidated class action[1] brought by ticket holders of World Airways, Inc. who were not transported pursuant to their tickets for travel between the United States and Nigeria, plaintiffs' attorneys have filed three motions for appointment of lead counsel for the class. This Court has

---

[1] In an order dated March 31, 2004, the Court consolidated the following four putative class actions for pretrial purposes: Anyoku v. World Airways, Inc., CV 2004-0304 ("Anyoku"), Mba v. World Airways, Inc., CV 2004-0473 ("Mba"), James v. World Airways, Inc., CV 2004-0514 ("James"), Inim v. World Airways, Inc., CV 2004-0719 ("Inim"). As recognized in that order, there was a fifth case entitled Edem v. World Airways, CV 2004-0605 brought by a pro se plaintiff not covered by the order. As both plaintiff and World Airways, the only defendant to have appeared in that action, have indicated their consent to consolidation, that action will be consolidated herein by order to be filed separately herewith.
 A related sixth action has recently been commenced in this Court by attorney Philip Akakwan to pursue individual claims on behalf of himself and plaintiff Steve Okenwa. See Akakwan v. World Airways, Inc., CV 2004-1679. That action may also be consolidated herein after appropriate notice to the parties in that action.
 In addition, there are at least 3 related actions filed in other district courts. World Airways has submitted an application to the Judicial Panel on Multidistrict Litigation for an order to transfer all these actions to this district for consolidation.

received applications from three sets of attorneys for appointment as lead counsel for the class plaintiffs: the individual application of Benjamin O. Okeke, presently representing the plaintiffs in the Mba case; the joint application of Squitieri & Fearon, LLP ("Squitieri") and The Thorgood Law Firm ("Thorgood"), presently representing plaintiff James; and the joint application of Echeruo, Counsel, Attorneys at Law, LLP ("Echeruo"), presently representing the plaintiffs in Anyoku and Inim, and Thacher Proffitt & Wood LLP ("Thacher").

## DISCUSSION

Where a court is confronted with multiple related cases filed by different plaintiffs' attorneys, appointment of lead counsel is an appropriate case management tool to insure proper coordination, avoidance of duplicated efforts and wasted resources. In re Auction Houses Antitrust Litigation, 197 F.R.D. 71, 75 (S.D.N.Y. 2000). A court has broad discretion in the selection of lead counsel for the plaintiff class. See In re Agent Orange Product Liab. Litig., 818 F.2d 179, 187 (2d Cir. 1987); Cullen v. N.Y. State Civil Serv. Comm'n, 566 F.2d 846, 848-49 (2d Cir. 1977); County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1422, 1425 (E.D.N.Y. 1989), aff'd, 907 F.2d 1295 (2d Cir. 1990). "Unless there are exceptional circumstances, . . . the exercise of discretion

should be left untouched by the appellate court."  <u>In re Agent Orange</u>, 818 F.2d at 187; <u>Cullen</u>, 566 F.2d at 849.

"[T]he court's selection of counsel for the absent class should be guided by the best interests of those members, not the entrepreneurial initiative of the named plaintiff's counsel."  <u>Cullen</u>, 566 F.2d at 848-49; <u>see</u> <u>In re Agent Orange</u>, 818 F.2d at 187; <u>United States Trust Co. of N.Y. v. Alpert</u>, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (in choosing lead counsel, "the overriding interest of the Court . . . is the vigorous protection of the rights of the . . . class").  The court should seek "to preserve the interests of the class and to promote the efficient management and alacritous movement of class litigation."  <u>Cullen</u>, 566 F.2d at 849.  Rule 23(g) of the Federal Rules of Civil Procedure sets forth the criteria for appointment of class counsel.  The Rule provides that the appointing court must consider the work counsel has done in investigating and identifying the potential claims, counsel's experience in handling class actions, counsel's knowledge of the applicable law and the resources counsel will commit to representing the class.  <u>See</u> Fed. R. Civ. P. 23(g).

After reviewing the submissions by the three competing sets of attorneys, I find that the interests of the class members would best be served by the appointment of Echeruo and Thacher as co-lead counsel.  Echeruo filed the first complaint

(Anyoku), on which the James complaint is based and, in filing the Second Amended Complaint in Anyoku, was apparently the first counsel to have identified Capital Indemnity Insurance Co. as the issuer of a bond guaranteeing Ritetime's performance. See Lloyd v. Industrial Bio-Test Labs., Inc., 454 F. Supp. 807, 813 (S.D.N.Y. 1978) (law firms' initiative and conduct dictate that they be lead counsel in consolidated action); 3 Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 9:35 (4th ed. 2002) (relative priority of commencing lawsuits is one of several relevant factors in selection of lead counsel). In investigating the activities of the defendants, Echeruo and Thacher has also discovered various bank accounts the defendants used to move funds. Echeruo and Thacher has also obtained retainer agreements from more than 200 potential class members and received written responses to a questionnaire from 50 additional people. They were also instrumental in the instigation of a U.S. Department of Transportation investigation into the defendants. See Memorandum in Support of Appointment of Echeruo and Thacher as Lead Plaintiffs' Counsel, Exh B. The firms have created an electronic database of prospective class members as well as an electronic database containi`ng information on the approximately 250 prospective class members they represent. See id., Exh A. Thacher and Echeruo have also established a

website, www.waclassaction.com, which provides information, updates on the litigation, and copies of all court filings to members of the prospective class and members of the public. See id., Exh. C.

Together, Thacher and Echeruo are also well qualified to represent the class members in this particular case. Mr. Echeruo is a Nigerian national, holds L.L.M. and M.B.A. degrees from Indiana University, and has been practicing law for over 11 years. He practiced complex litigation at Thacher prior to founding his own firm. Although this Court previously has expressed concern over whether Mr. Echeruo had sufficient experience to handle a federal class action of the magnitude of these cases, those concerns have been allayed by the appearance of Thacher, a full-service law firm with extensive experience handling class action lawsuits as well as international aircraft litigation. Thacher recently successfully represented the families of both passengers and crew members for claims arising from the crash of the Concorde on July 25, 2000 outside of Paris, France.

While Squitieri may also have the requisite experience and ability to serve as lead counsel, that firm has not demonstrated the same level of initiative nor the depth of knowledge of aviation law as Echeruo and Thacher. Further, the Court is doubtful whether Mr. Okeke, as a solo

practitioner, would have the capability to fulfill all the functions of lead counsel at all times required. While he is correct that he represents plaintiffs, and has identified a potential class of plaintiffs, whose claims are somewhat different from the plaintiffs in the other actions, the Court has already found that the legal and factual issues in <u>Mba</u> are sufficiently similar to warrant consolidation for pretrial purposes. As noted by Echeruo and Thacher, that firm is already considering how to incorporate the claims of the <u>Mba</u> plaintiffs.

In acting as co-lead counsel, Echeruo and Thacher are reminded that they are expected to perform the following duties:

> Typically [lead counsel] act for the group - either personally or by coordinating the efforts of others - in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing plans for conduct of the litigation, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

<u>In re Ivan F. Boesky Sec. Litig.</u>, 948 F.2d 1358, 1365 (2d Cir. 1991) (quoting <u>The Manual for Complex Litigation</u> § 20.221 (2d ed. 1985)). The coordination of counsel is critical in avoiding duplicative work and in insuring that the best possible arguments are presented with a minimum of effort. In this regard, Echeruo and Thacher are cautioned that as lead

counsel, they should not necessarily perform all the legal work required.  They should consider utilizing the efforts of the competing plaintiffs' counsel who may have expertise and knowledge pertinent to these cases best suited to address the issues in question.  For example, Echeruo and Thacher have noted that John Edozie, counsel who has assisted Echeruo in prior submissions, would continue working on these matters.  Delegating responsibility to Mr. Edozie may not necessarily be appropriate for certain work, when other counsel may be more facile in performing the work.  Now that the question of lead counsel is resolved, this Court expects that the friction that previously arose between Echeruo and Squitieri will abate and that Echeruo and Thacher will continue to work with other plaintiffs' counsel who have filed actions in this and other district courts.

In addition, Echeruo and Thacher will be expected to insure that time is not unnecessarily spent solely for communicating between the two firms in order to perform their duties as co-lead counsel.  Similarly, they should be careful not to overstaff the conduct of this litigation and require an extra level of review by each of the firms.

CONCLUSION

For the foregoing reasons, Echeruo, Counsel, Attorneys at Law, LLP and Thacher Proffitt & Wood LLP are appointed lead plaintiffs' co-counsel in these consolidated actions.

Thacher and Echeruo are directed to confer with other counsel regarding whether they should file a further amended complaint to address claims raised in Mba and to supplement the motion for class certification to incorporate these claims and the arguments raised in the class certification submissions filed by Squitieri in the James action.

A conference will be held May 13, 2004 at 3:00 p.m. to discuss scheduling issues.

**SO ORDERED.**

Dated:   Brooklyn, New York
         May 11, 2004

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE